IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:14cr35 |
| | ) | **Electronic Filing** |
| ALLEN BENNETT | ) | |

## MEMORANDUM ORDER

AND NOW, this 8th day of December, 2015, upon due consideration of [102] counsel's motion to determine status of counsel, IT IS ORDERED that [102] the motion be, and the same hereby is, granted as follows: counsel is and will remain as counsel of record for defendant until such time as the court orders otherwise.

Defendant has filed a *pro se* motion to "withdraw" counsel's representation and represent himself.[1] A criminal defendant has a constitutional right to represent him or herself as recognized in Faretta v. California, 422 U.S. 806, 814 (1975). And a defendant who wishes to do so "must be allowed to make that choice, even if it works ultimately to his own detriment." United States v. Peppers, 302 F.3d 120, 130 (3d Cir. 2002). But "before deciding a defendant's request to proceed *pro se*, [] 'the trial court bears the weighty responsibility of conducting a sufficiently penetrating inquiry to satisfy itself that the defendant's waiver of counsel is knowing and understanding as well as voluntary.'" United States v. Jones, 452 F.3d 223, (3d Cir. 2006) (quoting Peppers, 302 F.3d at 130–31 and citing United States v. Stubbs, 281 F.3d 109, 118 (3d Cir. 2002 (same) and United States v. Welty, 674 F.2d 185, 187 (3d Cir.1982) ("Since the decision to proceed pro se involves a waiver of the defendant's sixth amendment right to counsel, the district court . . . has the responsibility of ensuring that any decision by the defendant to

---

[1] Defendant recently has filed three such *pro se* motions, which are entered at document numbers 97, 99 and 103. In the last of these motions defendant requests to have the Federal Public Defender's Office appointed as standby counsel notwithstanding that defendant initially sought new counsel on the grounds that he did not want the Assistant Federal Public Defender assigned to his case or any other attorney from the Federal Public Defender's Office to represent him. See, e.g., Motion to Withdraw (Doc. No. 18) and Minute Entry of January 8, 2015 (Doc. No. 21).

represent himself is intelligently and competently made."). Thus, until the court schedules a hearing on defendant's pending motion to proceed *pro se* and conducts the required penetrating inquiry, current counsel remains as counsel of record.[2]

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:   Christian A. Trabold, AUSA
      James Brink, Esquire

      (*Via CM/ECF Electronic Filing*)

      Allen Bennett
      Register #35513068
      Northeast Ohio Correctional Center
      2240 Hubbard Road
      Youngstown, OH  44505

      (Via First Class Mail)

---

[2] Defendant has had two prior appointments of counsel prior to Attorney Brink. Attorney Brink specifically was selected by the court after defendant insisted on terminating the representation of Assistant Federal Public Defender Thomas Patton (now the Federal Public Defender of the Central District of Illinois) and then Attorney Patrick Nightingale. The court does not believe that continuing to substitute counsel at defendant's beckoning is prudent or warranted by anything in the current record. Consequently, Attorney Brink will remain as defendant's counsel until the court enters an order directing otherwise. Further, the court will schedule a hearing on defendant's *pro se* motion to proceed by self-representation in due course and defendant is advised that filing additional *pro se* submissions in the interim will not have an impact on when the court schedules the hearing.